**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| YVONNE LERAMO, | No. 11-16860 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02083-LJO-JLT |
| v. | |
| PREMIER ANESTHESIA MEDICAL GROUP, a California General Partnership; KAMALNATH IYER; W. BRUCE SCURLOCK; KAIL DHALIWAL, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted March 14, 2013[**]
San Francisco, California

Before: FISHER and NGUYEN, Circuit Judges, and GARBIS, District Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

Plaintiff Yvonne Leramo sued Premier Anesthesia Medical Group and three of its partners, alleging workplace discrimination. Leramo appeals the district court's grant of summary judgment for the defendants. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court properly granted summary judgment on Leramo's disparate treatment claims. After the defendants articulated legitimate non-discriminatory reasons – poor performance and staffing difficulties – for reducing Leramo's hours and eventually refusing to renew her contract, Leramo failed to present evidence from which a reasonable jury could infer that these proffered reasons were pretext for discrimination. Leramo's sole argument is that pretext is always a question for the jury. This argument is without merit. *See, e.g.*, *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 744-45 (9th Cir. 2004) (affirming summary judgment on disparate treatment claim where plaintiff failed to come forward with any evidence of pretext). Leramo has presented no evidence, beyond her possible minimal qualifications for the job, that would show that the defendants' proffered reasons for the employment actions are not worthy of credence or that would otherwise raise an inference of discrimination. She casts aspersions on the defendants' evidence of her poor performance, but the defendants' evidence is admissible, credible and uncontroverted.

**2.** The district court properly granted summary judgment on Leramo's retaliation claims. Contemporaneous documents prove that the decision to remove Leramo from obstetrics calls that resulted in her hours being reduced was made before her co-worker made the offensive comment. The defendants opted not to renew Leramo's contract more than a year (14 months) after she complained about the comment. When temporal proximity is the only evidence of a causal nexus between protected activity and an adverse employment action, the proximity must be much closer to create the inference. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (per curiam) (citing with approval Seventh and Tenth Circuit cases holding that 3- and 4-month periods were insufficient to create an inference of a causal nexus); *Manatt v. Bank of Am.*, 339 F.3d 792, 802 (9th Cir. 2003) (holding that a 9-month lapse between the plaintiff's protected activity and the defendant's alleged adverse decision was too large to create an inference of a causal nexus).

**3.** Because Leramo has failed to create triable issues of fact on her discrimination claims, we need not decide the other issues raised in her appeal, such as whether she was an employee or independent contractor of Premier Anesthesia Medical Group.

**AFFIRMED.**